Elizabeth R. Loveridge, #6025
David A. Nill, #8784
**WOODBURY & KESLER, P.C.**
265 East 100 South, Suite 300
P.O. Box 3358
Salt Lake City, UT 84110-3358
Tel: (801) 364-1100

Attorneys for Chapter 7 Trustee

**IN THE UNITED STATES BANKRUPTCY COURT FOR THE
DISTRICT OF UTAH, CENTRAL DIVISION**

| In re:<br><br>**JULIE PEACOCK**<br><br>Debtor(s). | Bankruptcy No. 09-31801 WTT |
|---|---|

**MOTION TO APPROVE SETTLEMENT AGREEMENT**

Elizabeth Loveridge, the Chapter 7 Trustee ("Trustee") moves the Court to approve a Settlement Agreement between the Trustee and Lois Peacock, settling the Trustee's adversary proceeding to avoid fraudulent transfers. The motion is based upon the following:

1. Julie Peacock filed a Chapter 7 bankruptcy, Case No. 09-31801, on October 26, 2009.

2. Elizabeth R. Loveridge is the Chapter 7 Trustee.

3. Within two years before filing bankruptcy, the Debtor conveyed two parcels of real property located in Salt Lake County to Lois Peacock.

4. In July 2010, the Trustee filed a Complaint in Adversary Proceeding No. 10-02504 against Peacock to avoid the transfer of real property (the "Action").

1

5.    Lois Peacock has not filed an Answer to the Complaint.

6.    On May 31, 2011, Lois Peacock signed a Settlement Agreement with the Trustee, and agreed to pay the Trustee $44,000.00 to settle the Action. A copy of the Settlement Agreement is attached as **Exhibit "A."**

7.    The Settlement Agreement is in the best interest of the estate. In re Kopexa Realty Venture Co., 213 B.R. 1020, 1022 (10th Cir. B.A.P. 1997). In assessing settlements, courts consider: 1) the probability of success in the litigation; 2) difficulties encountered in collection; 3) the complexity and expense of the litigation; and 4) the interests of the creditors and the estate. Id.

(1) Litigation.

The probable success of the underlying litigation on the merits is high because the Debtor transferred land to Lois Peacock and received nothing in return. Lois Peacock has not responded to the Complaint.

(2) Difficulty in collection.

Lois Peacock still owns the land and the Trustee could recover the land in satisfaction of a favorable judgment. Lois Peacock appears to have other assets as well.

(3) Complexity in litigation.

This case is not complex, but litigation is expensive.

<u>(4) Interests of the creditors.</u>

The $44,000 Lois Peacock will pay to settle the Action likely will pay all claims in full including the costs of administration. Settlement avoids the costs and risks of litigation, collection and sale of the land.

WHEREFORE, the Trustee requests the Court to approve the settlement agreement between the Trustee and Lois Peacock.

DATED this 10th day of June, 2011.

**WOODBURY & KESLER, P.C.**

/s/
David A. Nill
Attorneys for Elizabeth R. Loveridge,
Chapter 7 Trustee

**CERTIFICATE OF SERVICE**

I certify that on June 10, 2011, I sent a copy of the **MOTION TO APPROVE SETTLEMENT AGREEMENT** via ECF, first class U.S. Mail or as otherwise noted to:

UNITED STATES TRUSTEE'S OFFICE
Attn: Rayla Meyers (via ECF)

Knute A. Rife (via ECF)
Wrona Law Firm
11650 S. State Street, Suite 103
Draper Utah 84020

/s/ Raquel Beattie

# EXHIBIT "A"

## SETTLEMENT AGREEMENT AND RELEASE AGREEMENT

Elizabeth R. Loveridge, Chapter 7 Trustee (the "Trustee") and Lois Peacock ("Peacock") agree as follows.

### RECITALS

A. On October 26, 2009, (the "Petition Date"), Julie Peacock (the "Debtor") filed a Chapter 7 bankruptcy petition in the U.S. Bankruptcy Court for the District of Utah as Bankruptcy No. 09-31801 (the "Bankruptcy Case").

B. Elizabeth R. Loveridge is the Trustee of the Bankruptcy Case.

C. Within two years of the Petition Date, the Debtor conveyed two parcels of real property located in Salt Lake County Utah to Peacock.

D. The Trustee alleges that the transfers are avoidable as fraudulent transfers under 11 U.S.C. § 548 and the Trustee may recover the properties or their value from Peacock under 11 U.S.C. § 550(a)(1).

E. In July 2010, the Trustee filed an adversary proceeding in the Bankruptcy Court, Adversary Proceeding No 10-02504, against Peacock to avoid the transfer of property from the Debtor to Peacock (the "Action").

G. The Debtor filed an Answer in the Action but Peacock did not.

J. The parties now desire to settle the matter.

### AGREEMENT

1, Peacock will pay the Trustee $44,000.00 on signing this Settlement Agreement. The payment will be in certified funds, payable to Elizabeth R. Loveridge, Chapter 7 Trustee, and delivered to her office at 265 East 100 South, Suite 300, Salt Lake City, Utah 84111. The Trustee will keep the $44,000.00 in her trust account pending court approval of this Settlement Agreement.

2. The Trustee, upon receipt of the $44,000.00, releases, waives, and discharges Peacock, her agents, assigns and successors in interest (the "Peacock Parties") of all liabilities, debts, causes of action, rights and other claims arising out of the facts and transactions that are the subject of the Action, whether such claims are known or unknown and whether such claims are currently existing or would accrue in the future.

3. The Peacock Parties release, waive and discharge all liabilities, debts, causes of action, rights, and other claims they have asserted or could assert against the Trustee or the

bankruptcy estate of Julie R. Peacock arising out of the facts and transactions which are the subject of or related to the Action, whether such claims are known or unknown and whether such claims are currently existing or would accrue in the future.

4.  The parties acknowledge that this Settlement Agreement is subject to and conditioned upon approval from the Bankruptcy Court. The Trustee agrees to move for Court approval. Peacock agrees to cooperate with the Trustee and to take all actions reasonably requested by the Trustee to support the Trustee's motion for Court approval of the Settlement Agreement.

5.  If the Trustee's motion for approval of the Settlement Agreement is not granted, the Trustee agrees to refund the $44,000.00 to Peacock and the Action will continue as if no settlement had occurred.

6.  The parties agree to stipulate to the dismissal with prejudice of the Action within fifteen days after the Court has entered an order approving this Settlement Agreement.

7.  This Agreement constitutes the full and complete agreement of the parties with respect to the subject matter addressed, and the parties agree that all prior negotiations, communication, representations, and discussions are merged into this Settlement Agreement.

8.  The parties agree and represent that they have had opportunity to consult with the legal counsel of their choosing in all matters related to this Settlement Agreement, and that they have had opportunity to read, review, and understand this Settlement Agreement to their satisfaction prior to signing it. The parties agree and represent that they signed this Settlement Agreement based on their own free will and without duress or compulsion.

EXECUTED by the parties as follows:

DATED this 31 day of May, 2011.                    DATED this 1 day of May, 2011.

_____                    _____
Lois Peacock                                        Elizabeth R. Loveridge
                                                    Chapter 7 Trustee

DATED this 9th day of ~~May,~~ June 2011.

Approved as to Form:

_____
Knute A. Rife
Counsel for Lois Peacock

Page 2 of 2